## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | Chapter 7 Case No. |
| | ) | 08-10775-FJB |
| BARRY and DIANE REYNOLDS, | ) | |
| | ) | Civil Action No. |
| Debtors. | ) | 10-11667-FDS |
| | ) | |
| BARRY and DIANE REYNOLDS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | Civil Action No. |
| v. | ) | 11-10034-FDS |
| | ) | |
| BANK OF CANTON and JUDGE FRANK BAILEY, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| BARRY and DIANE REYNOLDS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | Civil Action No. |
| v. | ) | 11-10043-FDS |
| | ) | |
| DAVID MADOFF, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| BARRY and DIANE REYNOLDS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 11-10076-FDS |
| DAVID B. MADOFF, Trustee, and BANK OF CANTON, | ) | |
| | ) | |
| Appellees. | ) | |

# MEMORANDUM AND ORDER
# ON APPEALS FROM BANKRUPTCY COURT

**SAYLOR, J.**

This opinion considers four related appeals from orders of the United States Bankruptcy Court for the District of Massachusetts. Debtors Barry and Diane Reynolds, proceeding *pro se*, raise challenges to (1) the denial of their motion for relief from an order converting their case to a proceeding under Chapter 7 of the Bankruptcy Code, and (2) the dismissal of adversary proceedings against the Bank of Canton, the principal creditor; and David Madoff, the Chapter 7 Trustee.

For the reasons set forth below, the orders of the Bankruptcy Court will be affirmed.

## I. Background

The following facts are drawn from the bankruptcy court filings and the designated record on appeal. Except where otherwise noted, the facts are undisputed.

### A. The Chapter 13 Petition

Debtor-appellants Diane and Barry Reynolds filed a voluntary Chapter 13 bankruptcy petition on February 4, 2008. They submitted their first plan on February 14 and, after several objections from the trustee, filed an amended plan on April 14. The Internal Revenue Service promptly objected to confirmation of the amended plan, citing its failure to provide for its secured and unsecured claims for unpaid federal taxes in excess of $30,000.

In May 2008, the debtors filed a motion to require their creditors to validate their proofs of claim. The IRS and other creditors submitted the requested documentation. In particular, the Bank of Canton, which had filed a proof of claim as a secured creditor and mortgagee, submitted

the mortgage and note for the debtors' home at 4 Alberta Lane, Lakeville, Massachusetts. Not satisfied with the copy of the note produced by the bank, the debtors moved for an examination of the original copy of the note by a forensic expert. The bankruptcy court eventually granted the request, and the examination occurred in court on November 6, 2008. After examining the note, Mrs. Reynolds stated on the record that she was satisfied with its authenticity. (Order Dated Nov. 6, 2008; Dkt. 303).[1] At the same hearing, the bankruptcy court ordered the debtors to file a confirmable plan within 90 days.

### B. Conversion to Chapter 7

Earlier, in September 2008, the bank had moved to convert the case to a Chapter 7 proceeding. It argued, as a party in interest under 11 U.S.C. § 1307(c), that (1) the debtors' failure to filed a revised plan was unreasonable and prejudicial to creditors; (2) the original and amended plans were submitted in bad faith and were not confirmable; and (3) the debtors failed to disclose that, less than three months before filing their Chapter 13 petition, they had conveyed to a third-party their property at Alberta Lane for no monetary consideration. Attached to the motion was a copy of a quitclaim deed recorded in the Plymouth County Registry of Deeds. The deed, dated November 28, 2007, purported to transfer the debtors' property at Alberta Lane to Leo-Louis DuBois in exchange for "Love and Affection." (Mot. for Conversion to Chapter 7, Ex. A).

On March 12, 2009, the bankruptcy court sustained the objection to confirmation of the plan that had been filed by the IRS the previous April. The court's order observed that the debtors had not objected to the IRS's secured claim, and its omission from the plan precluded

---

[1] The debtors subsequently disputed the authenticity of the note. They continue to press the argument on appeal.

confirmation. As of that date, no amended plan had been filed in nearly a year.

The following day, the court ordered the debtors to show cause why the case should not be converted to a Chapter 7 proceeding for failure to submit a confirmable plan within 90 days of the court's order of November 6, 2008. *See* 11 U.S.C. § 105(a) (empowering the bankruptcy court to issue orders necessary to carry out provisions of the Bankruptcy Code). The show cause order cited the debtors' unreasonable delay in filing a plan, see § 1307(c)(1), and their failure to disclose the transfer of the Alberta Lane property.

A hearing on the order to show cause and the bank's motion to convert was held on April 30. The bankruptcy court concluded that the unreasonable delay in filing an amended and plausibly-confirmable plan was prejudicial to the bank and other creditors. *See* 11 U.S.C. § 1307(c)(1).[2] Accordingly, the court ruled that the case would be converted to a Chapter 7 bankruptcy proceeding. The judge instructed the debtors that, under § 1307, they had the option of dismissing the case in lieu of conversion to Chapter 7, and gave them ten days within which to do so. (Apr. 30, 2009 Hrg. Transcript, at 21:13 – 21:18). On May 13, after more than ten days had elapsed and the debtors had not filed a motion to dismiss, the bankruptcy court entered an order converting the case to Chapter 7. Because the conversion order issued pursuant to the debtors' failure to show cause, the bank's motion to convert was rendered moot.

### C. The Adversary Proceedings, Settlement, and Sale of the Property

David Madoff was appointed trustee of the Chapter 7 case on May 14. After familiarizing himself with the case, he instituted an adversary proceeding against Leo-Louis DuBois, the

---

[2] Judge Bailey explained, "[L]et me be clear. The basis for converting the case is a—is unreasonable delay, all right? . . . 1307. Okay?" (Apr. 30, 2009 Hrg. Transcript, at 22:9 – 22:12).

individual to whom the debtors had conveyed their property at Alberta Lane. The complaint alleged that, in a previous bankruptcy case dismissed in 2006, Diane Reynolds had scheduled her home at Alberta Lane as having a value of $800,000, subject to a first mortgage of approximately $408,000. It then recounted her transfer of the property to DuBois, less than three months before the debtors again filed for bankruptcy. Invoking 11 U.S.C. § 548 and Mass. Gen. Laws ch. 109A, § 6(a), the complaint alleged that the transfer and the failure to refer to the transfer on the debtors' plan were fraudulent actions, made with the intent to defraud creditors. The trustee sought avoidance of the transfer under § 548 and § 544, as well as damages from DuBois individually for his alleged role in conspiring with the debtors.

Four days later, the debtors submitted a document entitled "Notice of Distress," which warned that "[p]articular distress will be lodged on" the presiding bankruptcy judges, the trustees involved in the matter, and the attorney for the bank, among others. It stated that if these parties did not meet the debtors' demands within three days, the result would be "registration of Distress Noticed with certification of intent to commit tort." In response to these threats, the court ordered the debtors and DuBois barred from entering the eleventh floor of the Thomas P. O'Neill, Jr. federal office building in Boston until further notice. The exclusion order was later modified to permit them access to the courthouse for limited purposes.

In August, the trustee filed a second adversary proceeding, this time against the debtors only. It contained substantially the same allegations as the first adversary proceeding. It sought, under 11 U.S.C. § 727(a)(2) and (a)(4) to bar the debtors' discharge in the matter because of the alleged fraudulent transfer and omission.

The trustee and the debtors, now represented by counsel, engaged in settlement

5

negotiations through the end of 2009 and early 2010. In February 2010, the trustee notified the bankruptcy court that the parties had reached a settlement. The settlement stipulation, which was to become binding as a final order upon approval by the court, resolved the adversary proceedings and purported to resolve the dispute over the bank's secured claim. It provided that judgment would enter for the trustee in the case against DuBois only on the basis of constructive fraudulent transfer, and required that DuBois execute a deed to convey the property back to Diane Reynolds. The debtors acknowledged in the stipulation that "the Bank's Mortgage on the Lakeville Property is valid and perfected [and] . . . they do not hold a valid homestead" on the property. (Settlement Stipulation ¶ 7). They also agreed to "support and not object to the Trustee's sale of that property" and vacate the property within 180 days, while the trustee agreed to delay marketing the property for 60 days and dismiss the second adversary proceeding. (*Id.* ¶¶ 8-11). No objection was filed, and the bankruptcy court approved the settlement on March 9. *See* Fed. R. Bankr. P. 9019(a) (granting the bankruptcy court authority to approve a settlement entered into by the trustee).

The trustee also reached a settlement with the bank to govern distribution of the proceeds from the sale of the property. It structured the payments owed to the bank and allocated $35,000 as payment to the trustee and an accountant involved in the case. That settlement was not objected to and also was approved by the court.

On March 31, 2010, the bankruptcy court granted the debtors a discharge from the case. *See* 11 U.S.C. § 727. The same day, the debtors filed an emergency motion in the District Court seeking to enjoin the sale of the Alberta Lane property. The District Court granted an emergency hearing and denied the motion for want of jurisdiction.

In mid-April, the debtors filed a motion to vacate the settlement agreement, arguing that the trustee and their attorney coerced them into signing the agreement, and that they did so under duress. They also disputed the bank's status as a secured creditor and characterized the trustee as a "hired gun" for the bank because of his trustee fees. The bankruptcy court held an evidentiary hearing on the matter on May 10. Among other evidence, the court considered deposition testimony from the attorney who represented the debtors during the settlement negotiations.

The court denied the debtors' motion to vacate. Its memorandum of decision explained that there was no evidence that the trustee ever threatened the debtors during the negotiations, or that they did not fully understand the terms of the agreement. It described the debtors' feeling that they were signing the agreement under duress, but nevertheless decided to sign it and did not object to court approval. Applying Massachusetts law to determine whether a settlement agreement has been procured by economic duress, the court concluded that the debtors had failed to meet the high bar necessary to show duress and render an agreement invalid. *See International Underwater Contractors, Inc. v. New England Tel. & Tel. Co.*, 8 Mass. App. Ct. 340, 342 (1979).

In October 2010, the bankruptcy court approved sale of the property to a third-party, free and clear of liens, for $415,000. The sale was finalized in November.

### D. **Motion for Reconsideration**

In late April 2010, the debtors filed a motion seeking to vacate the May 2009 order converting the case from a Chapter 13 proceeding to one under Chapter 7. The motion contended that the bank did not have a valid interest in the property at Alberta Lane and therefore had no standing to move to convert the case.

7

The court denied the motion. It interpreted it as a motion for relief from final judgment under Fed. R. Bankr. P. 9024, which adopts Fed. R. Civ. P. 60. A motion seeking relief from a final judgment or order under Rule 60(b), the court explained, must be made within a reasonable time of entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). Because the debtors sought relief nearly a year after the conversion order entered and offered no justification for the delay, the court deemed the motion unreasonably late and therefore time-barred under Rule 60(c). The court supplemented its decision with alternative bases for denial, including the following: (1) conversion was ordered under 11 U.S.C. § 1307 pursuant to the order to show cause, see § 105(a), not the bank's motion to convert; (2) had the conversion order entered pursuant to the bank's motion, the bank had standing to move for conversion under § 1307(c) even if it was an unsecured creditor; and (3) the bank's claim was allowed as secured pursuant to both settlements approved by the court, which were by that point binding and final judgments. Because the debtors also contested the subject-matter jurisdiction of the bankruptcy court, the memorandum explained that the court's jurisdiction was granted by 28 U.S.C. § 1334(a), (b), and (e); 28 U.S.C. § 157(a) and (b); and the Order of Referral of the United States District Court for the District of Massachusetts, L.R. 201.

The debtors subsequently appealed the denial of their Rule 60(b) motion. *See* Case No. 10-cv-11667-FDS.

### E.     **Additional Adversary Proceedings**

Between July and October 2010, the debtors filed four adversary proceedings against David Madoff (the trustee), the Bank of Canton, Judge Frank Bailey (one of the two Bankruptcy Judges who presided over the case), and various attorneys involved in the case. The complaints

again contested the validity of the bank's secured claim and disputed the bankruptcy court's jurisdiction. They also objected to the sale of the Alberta Lane property. Two of the complaints purported to institute criminal prosecutions against the defendants under Title 18 of the United States Code. *See* Adversary Case Nos. 10-01195, 10-01198. These proceedings were dismissed and are not the subject of an appeal. The debtors have appealed dismissal of the remaining two adversary proceedings. *See* Case Nos. 11-cv-10043-FDS (appeal of Adversary Case No. 10-01253), 11-cv-10076-FDS (appeal of Adversary Case No. 10-01289).

## II.     Jurisdiction

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). An order denying relief under Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, is generally considered a final, appealable order. *Balzotti v. RAD Investments, LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 413 (B.A.P. 1st Cir. 2004); *see also FDIC v. Ramirez-Rivera*, 869 F.2d 624, 626 (1st Cir. 1989). An order of dismissal that ends litigation on the merits of an adversary proceeding is also a final order. *Hamilton v. Appolon (In re Hamilton)*, 399 B.R. 717, 720 (B.A.P. 1st Cir. 2009). In reviewing the Bankruptcy Court's decision, this Court functions as an appellate court and is authorized to "affirm, modify, or reverse a bankruptcy judge's [order] or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## III.    Analysis

### A.      Denial of Debtors' Motion for Relief from Final Judgment

In Case No. 10-cv-11667-FDS, the debtors challenge the bankruptcy judge's denial of their motion to reconsider the conversion order under Rule 60(b), incorporated by Fed. R. Bankr.

9

P. 9024. An order of conversion is a final order under the rule. *See Aja v. Fitzgerald (In re Aja)*, 441 B.R. 173, 177 (B.A.P. 1st Cir. 2011). A bankruptcy court's denial of a Rule 60(b) motion is reviewed for abuse of discretion, with "the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly." *In re Shepherds Hill*, 316 B.R. at 416 (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). A court abuses its discretion if it "does not apply the correct law, or rests [its] decision on a clearly erroneous finding of material fact." *Cabral v. Shamban (In re Cabral)*, 285 B.R. 563, 570 (B.A.P. 1st Cir. 2002) (citation omitted).

The bankruptcy court denied the debtor's motion as barred by the relevant statute of limitations. It also offered alternative rationales for denial of the motion. If the bankruptcy court did not abuse its discretion in resting its denial of the motion for relief on any one of these bases, the Court must affirm its decision.

Rule 60(c) sets forth the limitations period for all motions for relief under Rule 60(b). It provides, "A motion under Rule 60(b) must be made within a reasonable time—and for reasons [under Rules 60(b)(1), (2), and (3)] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The debtors contend that because they filed the motion under Rule 60(b)(4), which provides relief from void judgments, the one-year limitations period does not apply.

On the assumptions that the debtors did file a Rule 60(b)(4) motion and that a reasonableness test governs the limitations period, it is clear that the bankruptcy court did not abuse its discretion in deeming the motion untimely. The debtors sought relief from the conversion order more than eleven months after it was entered. In that eleven-month span, the

debtors engaged in extensive negotiations with the trustee and signed a settlement agreement that purported to resolve their Chapter 7 case. They also were granted a discharge from the case. To attempt to roll back the clock to a pre-Chapter 7 stage more than eleven months after conversion—when the debtors could have brought the 60(b) motion before the settlement and discharge, which relied on the conversion—is plainly unreasonable. The bankruptcy court did not abuse its discretion in holding that the debtors' attempt to undermine the finality of the conversion was time-barred.

The debtors do not dispute that their Rule 60(b) motion was unreasonably tardy, nor do they offer any explanation for the delay. Instead, they challenge the jurisdiction of the bankruptcy court to convert the case to Chapter 7. Although these substantive challenges do not affect the outcome of the appeal, the Court notes that the bankruptcy court did have jurisdiction over the case. *See* 28 U.S.C. § 1334(a), (b), and (e); 28 U.S.C. § 157(a) and (b); and the Order of Referral of the United States District Court for the District of Massachusetts, L.R. 201. After holding a hearing on the matter, it entered the conversion order pursuant to its authority to issue orders necessary to carry out the requirements of the Bankruptcy Code after the debtors failed to show cause why the case should not be converted. *See* 11 U.S.C. § 105(a); *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007) (describing the "broad authority" accorded to bankruptcy judges by § 105(a) in the context where bad faith debtors seek or oppose conversion). And even if it had entered the conversion pursuant to the bank's motion, the bank had standing to move to convert the case as a "party in interest" under 11 U.S.C. § 1307(c), regardless of whether it held secured or unsecured debt. *See Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 517-18 (B.A.P. 9th Cir. 2007) ("In various contexts, a 'party in interest' has been held to be one

who has an actual pecuniary interest in the case, . . . anyone who has a practical stake in the outcome of a case, . . . and those who will be impacted in any significant way in the case." (citations omitted)) (citing *In re Cowan*, 235 B.R. 912, 915 (Bankr. W.D. Mo. 1999)); *In re Lundahl*, 307 B.R. 233, 240-41 (Bankr. D. Utah 2003) (explaining that a "party in interest" under § 1307(c) includes any party whose pecuniary interests will be directly affected by the bankruptcy proceeding).

Moreover, to the extent that the debtors challenge the bank's status as a secured creditor or object to the sale of the Alberta Lane property, the appeal is moot. *See Anheuser-Busch, Inc. v. Miller (In re Stadium Mgmt. Corp.)*, 895 F.2d 845, 847 (1st Cir. 1990). Section 363(m) of the Bankruptcy Code protects good-faith purchasers from the reversal of a sale on appeal unless the debtors have obtained a stay pending appeal. 11 U.S.C. § 363(m); *see also Creditors Comm. v. Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.)*, 19 B.R. 119, 121 (B.A.P. 1st Cir. 1982). Consequently, when no stay has entered, the appeal becomes moot because a reviewing court cannot fashion a remedy that would reverse the sale or permit the debtors to reacquire the property. *In re Stadium Mgmt. Corp.*, 895 F.2d at 847. This approach promotes the important policy of achieving finality in bankruptcy proceedings. *Id.*

In this case, the trustee was authorized to sell the property by § 363 and by the bankruptcy court's order of approval on October 25, 2010. The sale was completed in November 2010. No evidence suggests that the buyers of the property were not good-faith purchasers. As the sale was consummated and no stay pending appeal was entered, this Court is powerless to order reversal of the sale. *See In re Aja*, 441 B.R. at 179. To the extent that the debtors question the bank's secured claim in order to cast doubt upon the sale, the appeal is moot. The Court will not

12

consider the merits of the debtors' argument that the bank is not a secured creditor.

In sum, the bankruptcy court did not abuse its discretion in denying the debtor's motion for relief from the order of conversion as time-barred under Rule 60(c), and its decision will be affirmed. Furthermore, to the extent that the appeal challenges the bank's secured claim or the sale of the Alberta Lane property, the appeal is moot.

### B. Dismissal of Debtors' Adversary Proceedings

In Case Nos. 11-cv-10043-FDS and 11-cv-10076-FDS, the debtors appeal the dismissal of two adversary proceedings. This Court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See Stornawaye Fin. Corp. v. Hill (In re Hill)*, 562 F.3d 29, 32 (1st Cir. 2009).

The complaints, filed in September and October 2010, make substantially the same allegations. In effect, they object to the trustee's motion to sell the property at Alberta Lane free and clear of liens by once again disputing the validity of the bank's secured claim and the conversion order. The complaints allege that the debtors' "means test," see § 707(b)(2), demonstrated that they were able to pay their creditors in full and thus their case was not eligible for conversion to Chapter 7. They contend that the case should have been dismissed. The complaints also characterize the adversary proceedings filed by the trustee before settlement as criminal complaints, and on that basis dispute the jurisdiction of the bankruptcy court to entertain the proceedings.

The bankruptcy court thoughtfully addressed the debtors' arguments in its memorandum of dismissal. With respect to the attempt to relitigate the conversion, the court declined to consider the means-test argument, as it was not raised in opposition to conversion. The court

noted that the propriety of the conversion had, at that point, been repeatedly reconsidered. It denied any further motions to reconsider the issue as untimely. To the extent that the complaints sought to contest the sale of the property, it deemed the argument waived by the settlement agreement. The court also explained the basis for the trustee's standing to bring adversary proceedings against the debtors and DuBois.

On appeal, the debtors protest the conversion to Chapter 7, dispute the validity of the bank's secured claim, and challenge the jurisdiction of the bankruptcy court to consider the adversary proceedings filed by the trustee. Any new arguments raised by the debtors on appeal—such as those challenging the trustee's fees and his administration of the case—are waived. *See In re Aja*, 441 B.R. at 178.

For the reasons stated above, the bankruptcy court was within its discretion to hold the renewed efforts to reconsider the conversion order time-barred. To the extent that the complaints dispute the validity of the bank's claim or object to the sale of the Alberta Lane property, they are moot.

The bankruptcy court correctly determined that the trustee had standing to institute adversary proceedings to recover property that was fraudulently transferred and to deny the debtors a discharge. Under 11 U.S.C. § 548, the trustee is authorized to avoid certain fraudulent transfers made within two years of the date of filing the bankruptcy petition, while § 544 permits the trustee to exercise certain creditor avoidance rights under state law. And the trustee may object to the granting of a discharge to debtors under § 727. Both adversary proceedings instituted by the trustee fell within the scope of Fed. R. Bankr. P. 7001. Notwithstanding the debtors' fanciful arguments that trustee filed criminal complaints, these were civil proceedings,

14

well within the bankruptcy court's jurisdiction.

Accordingly, the bankruptcy court's orders dismissing the debtors' adversary proceedings will be affirmed.

### C. Fourth Appeal

It is unclear from either the bankruptcy court docket or this Court's docket what final order or judgment the debtors appeal in Case No. 11-cv-10034-FDS. Neither the debtors nor the appellees have filed briefs in the matter. The failure to file briefs is a violation of Fed. R. Bankr. P. 8009, which instructs the appellant to "serve and file a brief within 14 days after entry of the appeal on the docket." Fed. R. Bankr. P. 8009(a)(1). Although the First Circuit has not directly considered whether a district court may dismiss an appeal for failure to comply with Rule 8009, other courts in this district have held that the decision lies within the court's discretion. *See Hermosilla v. Hermosilla*, 447 B.R. 661, 667 (D. Mass. 2011) (collecting cases). This Court agrees. As these related appeals are plainly without merit, and the debtors have failed to file briefs or otherwise prosecute the appeal, the appeal in Case No. 11-cv-10034-FDS will be dismissed with prejudice.

## IV. Conclusion

The debtors have flooded the bankruptcy court with frivolous adversary proceedings and attempts to relitigate matters that have been repeatedly adjudicated and reconsidered. Likewise, these appeals were, at best, without merit.

For the foregoing reasons, the Orders of the Bankruptcy Court denying the debtors' motion to reconsider the conversion (dated June 30, 2010) and dismissing Adversary Case Nos. 10-01253 and 10-01289 (dated October 25, 2010) are AFFIRMED. The appeal in Case No. 11-

cv-10034-FDS is DISMISSED with prejudice.

**So Ordered.**

                                                                    /s/ F. Dennis Saylor
                                                                      F. Dennis Saylor IV
                                                                      United States District Judge

Dated: August 2, 2011